IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MEGAN M. WILSON, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | CIVIL ACTION NO.  PJM 04-2110 |
| | * | |
| STEPHEN LAKNER, M.D., et al., | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM OPINION**

The Court has received Plaintiffs Megan and Douglas Wilsons' Petition for Attorney's Fees to be Awarded Against Defendant Adventist Health Care, Inc., and Defendant Adventist Health Care, Inc.'s Opposition thereto.

I.

The Wilsons ask the Court for fees in the amount of $21,200 and costs in the amount of $1,143.80. From the period May 2, 2005, when they re-noted Rule 30(b)(6) depositions, until March 29, 2006, when the Court heard their Motion for Sanctions, their counsel submit that they spent an aggregate of 81.40 hours of attorneys' time exclusively devoted to the re-noting and re-taking of 30(b)(6) depositions and to the related Motion for Sanctions and other related pleadings.  Counsel value their time at $21,200, based on attorney hourly rates of $300 and $250, and add in the cost of three deposition transcripts for the re-taken Rule 30(b)(6) depositions at $1,091.50, plus $52.30 in copying costs.  The Wilsons do not claim fees and expenses in connection with the filing of a Motion to Compel after the first series of 30(b)(6) depositions failed or for their successful Rule 72(a) appeal to this Court.  (These totaled 38.45 hours or $10,207.50 at counsel's regular hourly rates.)

The Wilsons argue that they prevailed in this Court, citing the Court's Opinion and Order of April 28, 2005, which expressly authorized additional Rule 30(b)(6) depositions and which urged their counsel to petition for attorney's fees in connection with the time consumed in noting and conducting additional depositions. They further allege that when the re-taken Rule 30(b)(6) depositions, which took place on June 16, 2005, were unsatisfactory they were compelled to file a Motion for Sanctions which was heard by the Court on March 30, 2006 and which resulted in an Order awarding attorney's fees and expenses for the Motion and a second round of 30(b)(6) depositions. While the Wilsons' counsel have been contracted in the present case on a contingent-fee basis, they explain that they are experienced attorneys who routinely charge $300 and $250 per hour for their services and have ample legal business on which they could have charged on an hourly basis had not the present work here claimed been required. Attorney John Gill explains that his customary hourly rate for like work is, and has been, $250 since 2003. Attorney Roger Adelman explains that his customary hourly rate is, and has been, $300 since 2003. The Court finds these rates to be in line with customary hourly fees for comparably situated attorneys in the suburban Maryland and greater D.C. area.

II.

Adventist Health Care, Inc. says that the Wilsons are requesting an unduly exorbitant and unreasonable amount, much of which is not related to the 30(b)(6) depositions or the Wilsons' Motion. Adventist challenges the claim for 24.5 hours of attorney time relating to the preparation and taking of depositions and 56.9 hours relating to the Motion for Sanctions and its related reply brief. Applying the lodestar method, applicable both to federal statutory fee-shifting provisions and Rule 37 sanctions, Adventist argues that an appropriate attorney fee award is derived by multiplying the number of hours *reasonably* expended times a reasonable hourly rate. It suggests that the Court

consider such factors as counsel's billing judgment, the time and labor required, the novelty of the legal questions, the skill requisite to perform the service, possible preclusion of employment by the attorney due to acceptance of the case, the customary fee, whether the fee is fixed or contingent, potential time limitations created by the client or the circumstances, the results obtained, the experience and reputation of the attorney, and awards in similar cases in its conclusion. Among other things, Adventist points out that two attorneys are seeking fees for working on the re-deposition of a witness, whereas only one actually deposed the witness. *See Watkins & Sons Pet Supplies v. IAMS Co.*, 197 F. Supp. 2d 1030, 1033-34 (S.D. Ohio 2002) (reducing fees awarded due to excessive number of hours sought by multiple attorneys for one deposition taken). Adventist also argues that the Wilsons seek fees for 56.9 hours spent preparing their motion for sanctions in what the Wilsons themselves describe is a straight-forward case. Taking these and other lodestar factors into account, Adventist concludes that the case does not justify excessive time and labor, nor does it involve novelty and difficulty of issues for two lawyers who have experience prosecuting medical malpractice cases. Adventist does not dispute that the hourly rates charged by counsel are reasonable and customarily charged in this locality. But it concludes that the Wilsons should receive at most a nominal and reasonable fee or possibly no fee on the ground that the Court granted the award of attorney's fees in error.

III.

The Court finds Adventist's arguments unpersuasive.

Even though the Court reversed the Magistrate Judge's initial ruling in favor of Adventist on the Rule 30(b)(6) issue, Adventist argues that its discovery conduct was "substantially justified." The Court disagrees. No attorney's fees have been sought with respect to the Wilsons' Local Rule 72(a) appeal to the Court. All they seek here are fees for the re-taking of depositions and for their

efforts to enforce the Court's Order of April 28, 2005.  Moreover, while Adventist suggests that it did not act in bad faith in connection with the Court's Order, it cannot deny that it designated a 30(b)(6) witness on the very day that depositions were scheduled who was unable to distinguish between her initial (arguably privileged) investigation and the subsequent investigation required of her for the purpose of testifying as a 30(b)(6) witness, or that the other 30(b)(6) witnesses designated that day were unprepared to testify.  Bad faith or not, Adventist fell far short of the letter and spirit required in connection with the designation and preparation of 30(b)(6) witnesses.

IV.

The Court concludes that the amounts claimed by the Wilsons are fair and reasonable. Accordingly, Plaintiffs' Petition for Attorney's Fees to be Awarded Against Defendant Adventist Healthcare, Inc. [Paper No. 63] is **GRANTED**.  Attorney's fees of $21,200 and expenses of $1,143.80 are awarded to the Wilsons. Adventist shall pay these fees and expenses within thirty (30) days of the date of this Order.

A separate Order follows.


June 13, 2006                                                          /s/
                                                           **PETER J. MESSITTE**
                                                           **UNITED STATES DISTRICT JUDGE**